UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT FAIRBANKS

Barbara Tangwall and
Donna Uphues,

        Plaintiffs,

v.

William R. Satterberg, Jr., individually, jointly and Severally;
Amy K. Welch, individually, jointly and severally;
Brent E. Bennett, individually, jointly and severally;
George E. Buscher, individually, jointly and Severally;
Lois L. Buscher, individually, jointly and severally;
Paul R. Lyle, individually, jointly and severally;

        Defendants.

Case No. 4:20-cv-00040-SLG

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, DENYING ACCESS TO THE COURTS AND INTENTIONAL INFLICTION OF EMOTIONAL STRESS

COME NOW Barbara Tangwall and Donna Uphues show their complaint as follows:

### I
### JURISDICTION

1.     Jurisdiction lies with this court. The Plaintiffs' civil rights were violated when they were denied access to the courts for redress of grievance which is guaranteed by the United States Constitution. Furthermore, intentional infliction of emotional distress is a civil rights violation.

### II
### VENUE

2.  Venue is proper with this court in that all actions occurred in the Fairbanks North Star Borough of Alaska.

## III
## BACKGROUND

3.  On November 7, 2018, Superior Court Judge Bethany S. Harbison (hereinafter Harbison) entered "Presiding Judge's Screening Order" attached as Exhibit A.

4.  "Presiding Judge's Screening Order" is supported by Article I Bankruptcy Court declaring Tangwall a vexatious litigant. See page 2, footnote 6 of Exhibit A. The Bankruptcy Court order is on appeal to the Court of Appeals for the Ninth Circuit, case number 20-35913.

5.  On April 18, 2018, William R. Satterberg, Jr. (hereinafter Satterberg) and Amy K. Welch (hereinafter Welch) brought a lawsuit against Plaintiffs and others in the Superior Court of the State of Alaska, Fourth Judicial District at Fairbanks, Case No. 4FA-18-01771CI. See attached Exhibit B.

6.  Throughout the litigation in case number 4FA-18-01771CI Satterberg and Welch invoked Exhibit A denying the Plaintiffs their right to defend the allegations of the lawsuit.

7.  Judge Brent E. Bennett (hereinafter Bennett), finding attached Exhibit A applies in this case, has continuously denied the Plaintiffs the right to defend the action in case number 4FA-18-01771CI.

8.  On May 21, 2019, George E. Buscher (hereinafter G. Buscher) and Lois L. Buscher (hereinafter L. Buscher) filed a forcible entry and detainer action in the District Court for the State of Alaska, Case No. 4FA-19-01974CI. See attached Exhibit C. The Plaintiffs filed a removal action to the Federal District Court which was eventually remanded back to the Superior Court of Alaska with the same case number where it is still pending.

9. Throughout the litigation in case number 4FA-19-01974CI G. Buscher and L. Buscher invoked attached Exhibit A denying the Plaintiffs their right to defend against the unlawful takeover of their residence.

10. Judge Paul Lyle (hereinafter Lyle), finding attached Exhibit A applies in this case, has continuously denied the Plaintiffs the right to defend the action in case number 4FA-19-01974CI.

## IV
## COUNT I
### PRESIDING JUDGE'S SCREENING ORDER ATTACHED AS EXHIBIT A WAS ENTERED IN WANT OF ALL JURISDICTION

11. All previous paragraphs are incorporated by reference herein.

12. "Presiding Judge's Screening Order" is void. The order does not have a case number; it was entered without a hearing and Plaintiffs were not given the opportunity to defend against the order.

13. The order does not apply to litigation between the named defendants in this instant action. The screening order as two parties is very limited.

14. "Presiding Judge's Screening Order" only applied in that case, and without a case number, the order simply states…" In the Matter of: Vexatious Litigation". The screening order does not apply in case number 4FA-18-01771 CI or in case number 4FA-19-01974 CI.

15. Defendants Satterberg, Welch, Bennett, G. Buscher, L. Buscher, and Lyle have continuously invoked the "Presiding Judge's Screening Order" to preclude Plaintiffs' equal access to the courts by denying their constitutional right to defend a lawsuit in court.

### RELIEF AS TO SATTERBERG, WELCH AND BENNETT

16. Judgment of this court finding "Presiding Judge's Screening Order" does not apply in case numbers 4FA-18-01771CI and 4FA19-01974CI.

3

17. Money judgment against the Defendants Satterberg, Welch, individually, jointly and severally, for an amount exceeding one million dollars.

18. Cost.

19. Interest.

20. Any other relief this court deems just.

### RELIEF AS TO G. BUSCHER, L. BUSCHER AND LYLE

21. Judgment of this court finding "Presiding Judge's Screening Order" does not apply in case numbers 4FA-18-01771CI and 4FA19-01974CI.

22. Money judgment against the Defendants G. Buscher, L. Buscher individually, jointly and severally, for an amount exceeding one million dollars.

23. Cost.

24. Interest.

25. Any other relief this court deems just.

### COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY SATTERBERG AND WELCH

26. All previous paragraphs are incorporated by reference herein.

27. On November 19, 2020, at a pre-trial hearing in case number 4FA-18-01771CI, Satterberg and Welch in open court stated.. "…the Defendants on notice that our office will file a motion to show cause if Mr. Tangwall continues to litigate…" which caused the Plaintiffs great emotional stress fearing sanctions of the court if they file any actions in the case to defend themselves.

## RELIEF

28. Money judgment in the amount exceeding one million dollars against Defendants Satterberg and Welch, individually, jointly and severally.

29. Cost.

30. Interest

31. Any other relief this court deems just.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAUSED BY THE UNLAWFUL SEIZURE OF PLAINTIFFS' RESIDENCE WITHOUT NOTICE BY G. BUSCHER AND L. BUSCHER

32. All previous paragraphs are incorporated by reference herein.

33. G. Buscher and L. Buscher held an unlawful non-judicial foreclosure when an amount of money was in dispute; they failed to publish the non-judicial foreclosure and entered the Plaintiffs' residence without a forcible entry and detainer removing, destroying and stealing Plaintiffs' personal property.

34. Plaintiffs have suffered great emotional distress. Plaintiffs' personal residence was trashed by G. Buscher and L. Buscher, food was put into trash bags and thrown out the door, safes were broken into and contents stolen or trashed, pictures on the walls were thrown out the front doors, coin collections stolen, jewelry stolen, filing cabinets rifled through and contents thrown out, stored boxes ripped open and strewn about, numerous other atrocities. The residence looked like a roadside dump. There is no way to tell the extent of what is missing or destroyed as it takes a great amount of time to sort and go through the wreckage. The Plaintiffs took pictures of the destruction that day.

## RELIEF

35. Money judgment against G. Buscher and L. Buscher individually, jointly and severally for an amount exceeding one million dollars.

36. Cost.

37. Interest.

38. Any other relief this court deems just.

_____
Donna Uphues

_____
Barbara Tangwall
Dated: November 24, 2020