**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

BARBARA TANGWALL, *et al.*,

        Plaintiffs,

        v.

WILLIAM R. SATTERBERG, JR., *et al.*,

        Defendants.

Case No. 4:20-cv-00040-SLG

## ORDER REGARDING ATTEMPTED FILING
## (NOTICE OF ATTORNEY-IN-FACT)

On December 30, 2020, Barbara Tangwall attempted to file a document entitled "Notice" at the Fairbanks Courthouse. Because the attempted filing appears to have been signed by a Tangwall Entity, pursuant to the Supplemental Vexatious Litigant Order at Docket 138 in Case No. 4:18-cr-00007-SLG, the Clerk of Court forwarded the proposed filing to the undersigned judge for review.

In the attempted filing, Ms. Tangwall asserts that due to medical issues, her husband Donald Tangwall "will be intervening in this case" and that he is her "attorney-in-fact with full authority to prosecute this case." Attached to the filing is a form executed in 2015 by Ms. Tangwall appointing Mr. Tangwall as her power of attorney.

On review, Ms. Tangwall's filing does not comply with the Supplemental Vexatious Litigant Order. Ms. Tangwall did not submit with the filing a properly

completed Application Seeking Leave to File as set forth in the Supplemental

Vexatious Litigant Order.

Although the Court is not considering the notice, it notes that Ms. Tangwall

is appearing in this matter pro se. A *pro se* litigant's interests may only represented

by the litigant or by a licensed attorney.[1] The complaint filed in this case does not

include Mr. Tangwall as a party. As the Court has previously noted in another of

Ms. Tangwall's cases,

> [t]he ability of an individual to appear as a self-represented litigant
> before a federal court is personal and is held only by that individual.
> A non-attorney may not provide assistance of counsel to another
> litigant. Moreover, the Court has found that Mr. Tangwall is not only a
> vexatious litigant, but also has been found to previously have been
> representing trusts or corporate entities without a license to practice
> law. In accordance with precedent and the Local Civil Rules, only Ms.
> Tangwall has the privilege to represent herself pro se before the
> Court. Mr. Tangwall is not an attorney and may not appear in this
> action or otherwise serve as counsel for Ms. Tangwall.[2]

The statement that Mr. Tangwall is acting as her "attorney-in-fact" and the

attachment of a power-of-attorney form do not alter this Court's prior reasoning,

because they does not confer the authority that is held by an attorney at law.[3] Mr.

---

[1] *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) ("While [McShane, a non-attorney] may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.") (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)).

[2] Case No. 4:19-cv-00011-SLG, Docket 27 at 12 (internal quotations and footnotes omitted). *Accord* D. Ak. L. Civ. R. 11.1(a)(2) ("A non-attorney may not appear on behalf of any other person or entity.").

[3] *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a power of attorney does not confer authority to a non-lawyer to represent another party in court). Numerous other federal courts have agreed. *See, e.g.*, *Marble v. Missoula Cty.*, Case No. CV05-101-M-LBE, 2006 WL 2711799, at *5 (D. Mont. Sept. 20, 2006) ("A power of attorney is not a vehicle which

Case No. 4:20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, et al.*
Order Re Attempted Filing (Notice of "Attorney-in-Fact")
Page 2 of 3

Tangwall is not admitted to practice law before this Court. Alaska criminalizes the unauthorized practice of law,[4] and the Tangwalls may not use a "power of attorney" in an attempt to work around this prohibition.

Therefore, the Court disapproves and denies the filing of the proposed documents and the Clerk of Court is directed to REJECT the attempted filing. IT IS FURTHER ORDERED that the Clerk's Office shall promptly send a copy of this order to Mr. Tangwall, Ms. Tangwall, and Ms. Uphues.

DATED this 31st day of December, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

authorizes an attorney in fact to act as an attorney at law."); *Malinay v. Nishimura*, Case No. 13-03372-SOM-KSC, 2013 WL 4240460, at *1 (D. Haw. Aug. 14, 2013) ("A power of attorney allows Person A to do on behalf of Person B matters for which an attorney's license is not required. Person A may sign checks or loan documents, for example, but may not provide legal representation if not licensed to practice law."); *In re Foster*, Bk. No. 11-17709-WRL, 2012 WL 6554718, at *5 (9th Cir. B.A.P. Dec. 14, 2012) (concluding that an attorney-in-fact, as opposed to an attorney-at-law, is not authorized to appear on behalf of a principal); *Ryan v. Hyden*, Case No. 12CV1489-MMA, 2012 WL 4793116, at *4 (S.D. Cal. Oct. 9, 2012) (finding that even a power of attorney does not validly provide the right to represent that person as his or her attorney); *United States v. Davis*, Case No. 5:02-111-JMH, 2012 WL 540562, at *2 (E.D. Ky. Feb. 17, 2012) ("Even assuming that Slone has Davis' power of attorney, the law still would not permit her to represent Davis as an attorney-at-law in legal proceedings."); *Harris v. Philadelphia Police Dep't*, Case No. 06-CV-2192, 2006 WL 3025882, at *3 (E.D. Pa. Oct. 20, 2006) ("federal courts do not permit a non-attorney to engage in the unauthorized practice of law by pursuing an action pro se with the plaintiff's power of attorney"); *Jacox v. Dep't of Defense*, Case No. 5:06-cv-182-HL, 2007 WL 118102, at *2 (M.D. Ga. Jan. 10, 2007) ("28 U.S.C. § 1654 requires pro se litigants to conduct their own cases personally and does not authorize nonlawyers to conduct cases on behalf of individuals. Moreover, a power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] §1654 is personal to the litigant and does not extend to other parties or entities.").

[4] AS 08.08.230.

Case No. 4:20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, et al.*
Order Re Attempted Filing (Notice of "Attorney-in-Fact")
Page 3 of 3