# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BARBARA TANGWALL, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>WILLIAM R. SATTERBERG, JR., *et al.*,<br><br>    Defendants. | Case No. 4:20-cv-00040-SLG |

## ORDER RE MOTIONS TO DISMISS

Before the Court are the following four pending motions:

1. Defendants Buscher, Christopher Zimmerman and Zimmerman & Wallace, PC filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* at Docket 10.

2. Defendants Paul Lyle and Brent E. Bennett filed a *Motion to Dismiss Claims Against Defendants Lyle & Bennett* at Docket 11.

3. Defendants William R, Satterberg, Jr. and Amy K. Welch filed a *Motion to Dismiss Satterberg and Welch* at Docket 13.

4. Defendant Ruth Meier filed a *Motion to Dismiss all claims against Defendant Ruth Meier* at Docket 15.

Plaintiffs, Barbara Tangwall and Donna Uphues, filed a consolidated response at Docket 19 in opposition to all four motions to dismiss. Defendants Lyle, Bennett, and Meier replied at Docket 25 to Plaintiffs' opposition. Oral

argument was not requested on the motions and not necessary to the Court's determination.

## BACKGROUND

This action was initiated on December 1, 2020. Plaintiffs' Complaint was actually received at the Fairbanks Courthouse a few days prior to that. Court staff informed the undersigned judge of the submission, which prompted this Court to enter the Supplemental Vexatious Litigant Order in Case No. 4:18-cv-00007-SLG.[1] The supplemental order was electronically filed the day prior to Court staff docketing Plaintiffs' Complaint. Given the timing of these events, the Court will not dismiss this action based on a failure to comply with the Supplemental Vexatious Litigant Order. Several days after the Complaint was filed, Plaintiffs filed a First Amended Complaint at Docket 4.

## LEGAL STANDARD

### I. Standard for Motion to Dismiss Pursuant to 12(b)(1)

In order to survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), when subject matter jurisdiction is challenged, the plaintiff must establish and prove jurisdiction.[2] "In reviewing an order dismissing an action

---

[1] Case No. 4:18-cv-00007-SLG, Docket 138 at 3, 4 (members of the Tangwall family and others are included in the "Tangwall Entity," and are "permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this Court"); *see also* Notice of Intent to Enter Supplemental Vexatious Litigant Order at Docket 123 in that case.

[2] *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 2 of 9

Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 2 of 9

for lack of subject matter jurisdiction, we must accept all of the plaintiff's factual allegations as true."[3] However, "unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court."[4] A plaintiff must establish Article III standing "for each challenge [she] wishes to bring and each form of relief [she] seeks."[5]

## II. Standard for Motion to Dismiss Pursuant to 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] *Iqbal* does not require a litigant to prove her case in her pleading, but it requires the litigant to "state 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged].'"[7] This inquiry requires a court to "draw on its judicial experience and common sense."[8] When reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated

---

[3] *McGowan v. Scoggins*, 890 F.2d 128, 136 (9th Cir. 1989) (citing *Atkinson v. United States*, 825 F.2d 202, 204 n.2 (9th Cir. 1987)).

[4] *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (quoting *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)..

[5] *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, 556 U.S. at 679.

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 3 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 3 of 9

into the pleadings by reference, as well as matters on which a court may take judicial notice.[9] A court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."[10]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave [to amend] when justice so requires."[11] But leave to amend is properly denied as to those claims for which amendment would be futile.[12]

## DISCUSSION

*1. Defendants Buscher, Zimmerman, and Zimmerman & Wallace*

The Buscher Defendants assert that this Court lacks subject matter jurisdiction to adjudicate the claims against them. Plaintiffs' Amended Complaint alleges that the Buscher Defendants filed a forcible entry and detainer action in Alaska Superior Court against Plaintiffs, and that Christopher Zimmerman and his law firm, Zimmerman & Wallace, "cause[d] the court and clerk of court to deny all documents presented to the court by the Plaintiffs in defense of the illegal foreclosure action of their personal residence."[13]

---

[9] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[10] *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[13] Docket 4 at 3.

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 4 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 4 of 9

The allegations against these defendants is substantively the same as the allegations that Ms. Tangwall and Donald Tangwall made against these Defendants in Case No. 4:19-cv-00011-SLG and relate to an alleged improper foreclosure proceeding in state court. For the same reasons that that case was dismissed against these Defendants for lack of subject matter jurisdiction, these same claims against these Defendants must be dismissed. The Court incorporates by reference its explanations for the basis for its decision entered at Docket 27 and 33 in Case No. 4:19-cv-00011-SLG. The Amended Complaint does not plausibly allege facts that state a valid claim for relief under 42 U.S.C. § 1983. And there is also no diversity of citizenship between the parties that could form an alternative basis for jurisdiction over the state tort claims, as all the parties are citizens of Alaska. Ms. Tangwall has previously pleaded the same claims in federal court and had an opportunity in that prior case to move to amend. The Court finds that any further attempt at amendment as to these Defendants would be futile. Therefore, the claims against Defendants Buscher, Christopher Zimmerman, and Zimmerman & Wallace, PC, shall all be dismissed with prejudice.

*2. Defendants Lyle and Bennett*

Defendants Lyle and Bennett are Alaska Superior Court judges. Plaintiffs contend that each judge "has continuously denied the Plaintiffs the right to defend"

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 5 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 5 of 9

in the state court foreclosure proceeding.[14] For the reasons set forth in their motion, these two defendants are absolutely immune from liability for damages for acts committed within the administration of justice.[15] This immunity is clear from the Amended Complaint's allegations. The two judges were each acting in a judicial capacity when they applied the Fourth Judicial District's Presiding Judge's Screening Order to the cases pending before them. And each judge's actions fell within the trial judge's general subject matter jurisdiction.[16]

For the foregoing reason, Defendants Lyle and Bennett are each accorded absolute judicial immunity as to their alleged acts. The Court further finds that any attempt at amendment to try to demonstrate that judicial immunity does not apply as to these Defendants would be futile. Therefore, the claims against Defendants Lyle and Bennett will be dismissed with prejudice.

### 3. *Defendants Satterberg and Welch*

In their motion seeking dismissal, Defendants Satterberg and Welch allege that the Court lacks subject matter jurisdiction over Plaintiffs' claims against them. Plaintiffs' claims against these Defendants assert that they "have continuously

---

[14] Docket 4 at 2, 3.

[15] Docket 12 at 7 (citing *Owen v. City of Independence*, 445 U.S. 622, 637 (1980)).

[16] *See New Alaska Dev. Corp. v. Guetschow*, 869 F. 2d 1298, 1302 (9th Cir. 1989).

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 6 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 6 of 9

invoked the 'Presiding Judge's Screening Order' to prelude Plaintiffs' equal access to the courts."[17]

For the same reasons that dismissal is warranted with respect to the claims against the Buscher Defendants, et al., dismissal of the claims against these private parties is also warranted. Further, the Court finds that the dismissal of the civil rights claims under 42 U.S.C. § 1983 should be with prejudice, as the same principles of state action that the Court has repeatedly explained to the Tangwall entities applies to all such private attorneys and amendment would be futile. The Court also does not have subject matter jurisdiction to preside over the state tort claim of intentional infliction of emotional distress, as it is clear on the face of the Amended Complaint that there is no diversity of citizenship.

*4. Defendant Ruth Meier*

Defendant Meier is the Clerk of Court at the Fairbanks state courthouse. Plaintiffs allege that Ms. Meier refused to accept their attempted filings at the courthouse based on the Presiding Judge's Screening Order.

The doctrine of judicial immunity extends to grant immunity to court personnel from liability for damages for acts committed within the scope of the administration of justice.[18] For the foregoing reason, Defendant Meier is accorded

---

[17] Docket 4 at 4.

[18] *See Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987), *cert. denied,* 486 U.S. 1040 (1988) ("Court clerks have absolute quasi-judicial

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 7 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 7 of 9

absolute quasi-judicial immunity as to her alleged acts. The Court further finds that any attempt at amendment to try to demonstrate that judicial immunity does not apply as to this Defendant would be futile. Therefore, the claims against Defendant Meier will be dismissed with prejudice.

### 5. Applicability of Rooker-Feldman Doctrine

An alternative and separate basis for the dismissal of this action is the *Rooker-Feldman* doctrine.[19] Under this doctrine, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in the federal district court."[20]

Here, the primary legal wrong that Plaintiffs appear to assert is that attorneys, state court judges, and state court personnel have all relied upon the Presiding Judge's Screening Order issued by the Fairbanks Superior Court. Plaintiffs seek an order from this Court finding that the Presiding Judge's Screening Order "does not apply" in two state court cases.[21] Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to grant such relief.

---

immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.") (citations omitted).

[19] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[20] *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir. 2003).

[21] Docket 4.

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 8 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 8 of 9

## CONCLUSION

In light of the foregoing, the motions to dismiss at Dockets 10, 11, 13, and 15 are each GRANTED, and all claims against all Defendants are DISMISSED with prejudice. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 9th day of February, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4-20-cv-00040-SLG, *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motions to Dismiss
Page 9 of 9
Case 4:20-cv-00040-SLG   Document 41   Filed 02/09/21   Page 9 of 9