# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BARBARA TANGWALL, *et al.*,

        Plaintiffs,

    v.

WILLIAM R. SATTERBERG, JR., *et al.*,

        Defendants.

Case No. 4:20-cv-00040-SLG

## ORDER RE MOTION FOR ATTORNEY'S FEES

Before the Court at Docket 43 is Defendants Paul Lyle, Brent Bennett, and Ruth Meier's *Motion for Attorney's Fees*. The motion requests an award of enhanced attorney's fees in their favor. Plaintiffs filed no response to the motion. Oral argument was not requested and was not necessary to the Court's determination.

In their Amended Complaint, Plaintiffs do not clearly specify the sources of law under which their claims arise.[1] Because they allege that Defendants interfered with "Plaintiffs' equal access to the courts by denying their constitutional right to defend a lawsuit in court," the Court first addresses attorney's fees in the context of a 42 U.S.C. § 1983 action.[2]

---

[1] Docket 4.

[2] Docket 4 at 4; *see also* Docket 19 at 2 ("[T]he complaint clearly states the court has jurisdiction to hear the complaint for violation of civil rights guaranteed by the constitution of the United States, i.e. access to the courts for redress of grievance.").

42 U.S.C § 1988 provides that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." However, "[a] prevailing defendant in a § 1983 action is entitled to an award of attorney's fees under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'"[3]

Here, the Court found that Defendants Lyle, Bennett, and Meier were entitled to absolute immunity for their judicial and quasi-judicial acts, which was "clear from the Amended Complaint's allegations."[4] In their Amended Complaint and their response to Defendants' motions to dismiss, Plaintiffs failed to articulate any theory as to why those three Defendants would not be entitled to such immunity.[5] Likewise, none of the facts alleged in the Amended Complaint or appended exhibits suggest that these three Defendants acted in the "clear absence of all jurisdiction" or performed acts that were not "judicial" in nature.[6]

---

[3] *Citizens for Free Speech, LLC*, 953 F.3d 655, 658 (9th Cir. 2020) (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)). Under § 1983, "a defendant does not need to obtain a judgment on the merits in order to be a 'prevailing party' for fee purposes." *Id*. (citing *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016)) (holding *Younger*-based dismissal did not preclude § 1988 attorney's fees for defendant even though dismissal was jurisdictional rather than on merits). Having secured dismissal, Defendants here are prevailing parties for the purposes of § 1988.

[4] Docket 41 at 6, 7–8.

[5] See Dockets 4 and 19.

[6] *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)) (explaining the limited exceptions to judicial immunity).

Case No. 4:20-cv-00040-SLG. *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motion for Attorney's Fees
Page 2 of 6

Case 4:20-cv-00040-SLG   Document 45   Filed 03/29/21   Page 2 of 6

This fact is not contradicted by the conclusory statement in the Amended Complaint that the state court's screening order was entered "in want of all jurisdiction," as the Amended Complaint lacks any cogent theory as to why the state court would not have jurisdiction over the interpretation and application of its own orders.[7] It was eminently clear when the Amended Complaint was filed that Plaintiffs are not entitled by the Constitution to sue judges for what they believe to be an incorrect disposition of their case. As such, this case was frivolous from its inception.

The Court next turns to the reasonableness of the attorney's fees requested by these three Defendants pursuant to § 1988. Determining a reasonable fee under § 1988 is a two-step process: "First, courts generally 'apply . . . the 'lodestar' method to determine what constitutes a reasonable attorney's fee. Second, '[t]he district court may then adjust [the lodestar] upward or downward based on a variety of factors."[8] To compute the "lodestar," a court "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."[9] The prevailing party "bears the burden of producing both (i) detailed time records to establish that the number of compensable hours requested is reasonable, and (ii) "satisfactory evidence" that the requested hourly rate comports

---

[7] Docket 4 at 4.

[8] *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (alterations in original).

[9] *Id*. (quoting *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

Case No. 4:20-cv-00040-SLG. *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motion for Attorney's Fees
Page 3 of 6
Case 4:20-cv-00040-SLG   Document 45   Filed 03/29/21   Page 3 of 6

with prevailing market rates for attorneys in the forum district with similar skill, experience, and reputation."[10]

Based on a review of the detailed records submitted in support of this motion, the Court is satisfied that these three Defendants have met their burden of establishing the reasonableness of their fee request.[11] Defendants' records indicate 52.6 hours of attorney time, as well as two hours of paralegal time; this is a reasonable amount of time for two successful motions to dismiss combined with general case management, and none of the time entries appear to be duplicative or unreasonable.[12] Moreover, the Court finds that the hourly rates of $300 for an experienced attorney and $125 for paralegals indicated in Defendants' documentation is reasonable in light of the prevailing rate for "similar work performed by attorneys of comparable skill, experience, and reputation"[13] in the District of Alaska; Defendants have submitted affidavit evidence that the rates are "calculated at market rates approved by the Attorney General."[14] Multiplying these hours by the applicable rates produces a total attorney's fee of $16,030. However,

---

[10] *G&G Closed Circuit Events LLC v. Alexander*, Case No. CV-18-02886-PHX-MTL, 2020 WL 3574552, *1 (D. Ariz. July 1, 2020) (citing *Gonzalez*, 729 F.3d at 1202–06).

[11] Dockets 43-1 (Aff. of Susan M. West) and 43-2 (Ex. B).

[12] *See Citizens for Free Speech, LLC v. Cnty. of Alameda*, Case No. C 18-00834 SBA, 2019 WL 11005503, at *11 (N.D. Cal. Jan. 14, 2019), *aff'd* 953 F.3d 655 (finding 100 billed hours reasonable for a successful motion to dismiss).

[13] *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

[14] Docket 43-1 at 2 (Aff. of Susan M. West).

Case No. 4:20-cv-00040-SLG. *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motion for Attorney's Fees
Page 4 of 6
Case 4:20-cv-00040-SLG   Document 45   Filed 03/29/21   Page 4 of 6

Defendants are only requesting 50 percent of the reasonable fees they incurred, which is an award of $8,015. Based on the foregoing, the Court finds an award in this amount under § 1988 reasonable.

To the extent that Plaintiffs based their claims in Alaska state tort law, the Court applies Alaska state rules regarding attorney's fees.[15] Alaska Rule of Civil Procedure 82 provides that "[i]n cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[16] However, "[t]he court may vary an attorney's fee award . . . if . . . the court determines a variation is warranted" based on factors including "vexatious or bad faith conduct," "the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts," and "other equitable factors deemed relevant."[17]

The Court agrees with Defendants that based on the factors in Rule 82, an enhanced award of attorney's fees is justified. As explained above, Plaintiffs' claims against these three Defendants were frivolous from the outset of this action. Moreover, the typical course for a plaintiff who disagrees with the handling of her

---

[15] *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 974 (9th Cir. 2013) (holding Alaska Rule of Civil Procedure 82 governing attorney's fees "properly applies to diversity cases brought in or removed to the United States District Court for the District of Alaska.").

[16] Alaska R. Civ. P. 82(b)(2).

[17] Alaska R. Civ. P. 82(b)(3).

Case No. 4:20-cv-00040-SLG. *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motion for Attorney's Fees
Page 5 of 6
Case 4:20-cv-00040-SLG   Document 45   Filed 03/29/21   Page 5 of 6

claims by a trial court is to seek appellate review. Instead, Plaintiffs here chose to sue two state court judges and a court clerk who were involved in the disposition of their claims. Retaliatory lawsuits against judicial officers interrupt and distract public servants from their duties to the justice system. And as Defendants note, retaliatory actions may well be designed to intimidate court personnel and improperly influence judicial proceedings.[18] These concerns justify modifying the standard 20 percent provided for in Rule 82(b)(2) upward to the 50 percent requested by these three Defendants in order to dissuade Plaintiffs from filing further frivolous actions against court personnel; this is particularly true given Plaintiffs' history of vexatious litigation.[19] Moreover, the resulting amount is not so onerous that it would prevent other litigants from seeking redress for nonfrivolous claims.

IT IS HEREBY ORDERED that Defendants' motion at Docket 43 is GRANTED. Because the State of Alaska provided a defense to Defendants Lyle, Bennett, and Meier, attorney's fees in the amount of $8,015 are awarded to the State of Alaska and against Plaintiffs, jointly and severally. The Clerk of Court is instructed to amend the judgment to reflect this award.

Dated this 29th day of March, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] Docket 43 at 4–5.

[19] *See, e.g.*, Docket 4-1 (Screening Order by Alaska Superior Court).

Case No. 4:20-cv-00040-SLG. *Tangwall, et al. v. Satterberg, Jr., et al.*
Order re Motion for Attorney's Fees
Page 6 of 6
Case 4:20-cv-00040-SLG   Document 45   Filed 03/29/21   Page 6 of 6